CHARLES COLLINS v. ADMR. OF PAULINE CLAMORGAN.

Action of covenant. Breach alleged, that defendant had no right to sell—plea, good right to sell. On this issue, plaintiff proved the covenant as alleged, a legal eviction, by one claiming under defendant, and the consideration paid by plaintiff. Held, that on this evidence, the court erred in instructing the jury, that plaintiff had not made out his case.

*H. R. Gamble,* counsel for plaintiff in error:

1. The defendant's plea is not sustained, because the instrument in writing offered in evidence by him, containing the deed from Brazeau to the defendant's intestate, conclusively shows that the intestate had *not* the right to convey at the time of the execution of her deed to plaintiff.

2. The decision of the supreme court, in the suit of Dougal v. Fryer, establishes the fact of the breach of covenant alleged—3 Mo. Rep. 40.

3. In Pauline's deed to Fryer, she declares under her seal *that she had no power to convey when she sold to Collins,* and makes that very defect the foundation of her deed to Fryer.

McGIRK, Judge, delivered the opinion of the court.

Collins brought an action of covenant against Clamorgan in the circuit court of St. Louis county.

It appears by the record, that in 1803, one Clamorgan conveyed a lot of land to one Brazeau, in consideration of friendship, and by the same deed, Brazeau, in consideration of friendship, conveyed the same to Pauline, the defendant, and one Cyprian Clamorgan, natural children of the first grantor, by donation irrevocable, upon the burthen and condition that they, nor either of them, could not sell the land nor pledge the same before the youngest of them should arrive at the age of twenty-five years, when they might consent to dispose of it as they might think fit; but that if either should die before that time, his or her right should go to the survivor. Before either arrived at the age of twenty-five years, Cyprian died, leaving no children, so that Pauline inherited the whole estate.

The plaintiff, Collins, then declares on a covenant in a deed made by Pauline to him before she was twenty-five years of age, by which she sold the land to him. The covenant is, that she had good right to sell; the averment of the breach is, that she had no right to sell—plea, good right to sell. On this issue the parties went to trial before a jury. The covenant was given in evidence. It was also proved that Collins had been legally evicted from the premises by one Fryer, who had taken a deed of said Pauline after she arrived at the age twenty-five years. It was also proved what the consideration was which Collins paid to Pauline.

On the evidence in substance as stated above, the circuit court instructed the jury that the plaintiff had not made out his case. What more was wanted, I do not clearly see, unless it was the question, what was the law in regard to the deed of Brazeau, which declares that Pauline and the other children could not sell till the youngest came of age? The deed of covenant, sale and seizen was made to Collins before Pauline was twenty-five years of age. What the effect of her sale under the restriction in Brazeau's deed was, has been decided by this court in the case of Dougal v. Fryer—3 vol. p. 40.

Action of covenant. Breach alleged, that defendant had no right to sell—plea, good right to sell. On this issue, plaintiff proved the covenant as alleged, a legal eviction, by one claiming under defendant, and the consideration paid by plaintiff. Held, that on this evidence, the court erred in instructing the jury, that plaintiff had not made out his case.

The decision in the case cited, settled the law regarding the power of Pauline to sell to Collins at the time she did sell. The judgment of the circuit court is reversed with costs, and remanded, the other judges concurring herein.